# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 17, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**HAROLD D. MCCOY,**
**Claimant Below, Petitioner**

**vs.)  No. 14-0378** (BOR Appeal No. 2049261)
(Claim No. 2012009095)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MAYNARD CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harold D. McCoy, by John H. Skaggs, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2014, in which the Board refused Mr. McCoy's protest of the February 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted the West Virginia Office of Insurance Commissioner's motion to dismiss Mr. McCoy's protest of the claims administrator's November 5, 2013, decision rejecting a request to reopen the claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. McCoy was injured on May 30, 2011, when a mobile home owned by Garnet Murphy, which he was helping to set on blocks, shifted and pinned him against the ground. Several months later, Mr. McCoy filed an application for workers' compensation benefits from the Uninsured Employer Fund. He listed Maynard Construction as his employer but indicated that the company had not covered him under workers' compensation insurance at the time of his injury. On September 16, 2011, the claims administrator rejected his application because at the time of his injury Maynard Construction was not required to have workers' compensation insurance. The claims administrator, therefore, found that the Uninsured Employer Fund did not apply to Mr. McCoy's injury. Mr. McCoy protested this decision to the Office of Judges and was given a time frame to submit evidence and arguments in support of his protest. At the expiration of this time frame Mr. McCoy had not submitted any evidence to the Office of Judges or made a designation of the record to be considered in his protest. On February 16, 2012, the Office of Judges issued notice to Mr. McCoy that no evidence had been received in support of his protest, but Mr. McCoy did not respond to the Office of Judges' notice. On March 14, 2012, the Office of Judges affirmed the claims administrator's rejection of the claim, and no appeal of the Office of Judges' Order was made to the Board of Review.

On October 10, 2013, Mr. McCoy requested that the claims administrator reopen his application for workers' compensation benefits based on new evidence discovered in Ms. Murphy's interrogatories. Mr. McCoy alleged, based on Ms. Murphy's answers, that he could show that he was an employee of Maynard Construction instead of a volunteer. He further argued that the claims administrator's rejection of his claim was obtained by misrepresentations and fraud because his employment relationship was known to Maynard Construction and was not disclosed. On November 5, 2013, the claims administrator rejected Mr. McCoy's application because the September 16, 2011, rejection had been affirmed by the Office of Judges and had become final. Mr. McCoy protested this decision to the Office of Judges and submitted evidence in support of his protest. However, on January 13, 2014, the West Virginia Office of Insurance Commissioner moved the Office of Judges to dismiss Mr. McCoy's protest because he did not have a right to reopen a rejected application for workers' compensation benefits. On February 24, 2014, the Office of Judges granted the West Virginia Office of Insurance Commissioner's motion and dismissed Mr. McCoy's protest. On March 28, 2014, the Board of Review refused Mr. McCoy's appeal of the Office of Judges' Order because it did not have jurisdiction to consider it, leading Mr. McCoy to appeal.

The Office of Judges granted the West Virginia Office of Insurance Commissioner's motion to dismiss Mr. McCoy's protest because the rejected claim could not be reopened. The Office of Judges found that Mr. McCoy did not appeal the Office of Judges' March 14, 2012, Order and it became final. The Office of Judges further found that the issue of whether Mr. McCoy's May 30, 2011, injury should be covered under the Uninsured Employer Fund was fully decided in its prior decision and could not be disturbed under res judicata. The Board of Review concluded that the Office of Judges' February 24, 2014, Order was not appealable and that it did not have jurisdiction to hear the issue. The Board of Review, therefore, dismissed Mr. McCoy's appeal.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. McCoy has not demonstrated that he is entitled to have the rejection of his application for workers' compensation benefits reopened. Although Mr. McCoy protested the claims administrator's rejection of his claim to the Office of Judges, he did not submit any evidence at that time in support of his claim. He also did not appeal the Office of Judges' affirmation of the claims administrator's decision to the Board of Review. The claims administrator's rejection of his claim has become final. Mr. McCoy did not properly support or preserve his protest of the claims administrator's rejection of his workers' compensation application. He does not have a statutory right under the circumstances of this case to reopen that decision after it became final under West Virginia Code § 23-5-1(b)(1) (2009). Res judicata precludes Mr. McCoy's request to re-litigate his entitlement to workers' compensation benefits under the Uninsured Employer Fund, and the claims administrator properly rejected his reopening request. Mr. McCoy's allegations of fraud also are not sufficiently supported by the record to justify his request.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum